seen skiers lose control on previous occasions. As we noted above, the fact that appellee was near the bottom of the slope at the time of the collision is of no moment. As an experienced skier, appellee can reasonably be charged with realizing the inherent risk of a collision in this area.

Appellee voluntarily entered into a business relationship with appellant. She chose to purchase a ski ticket from appellant and to ski on appellant's slopes even though one of the inherent risks, a risk of which she was well aware, was that of a collision with another skier. As a matter of law, under the Skier's Responsibility Act, and the assumption of risk doctrine, which it preserves, appellant is entitled to summary judgment. Accordingly, the order of the Superior Court is reversed and the trial court order granting summary judgment in favor of appellant is reinstated. Jurisdiction is relinquished.

762 A.2d 1081

**Ted KIRSCH, as President and Guardian Ad Litem of the Philadelphia Federation of Teachers and the Philadelphia Federation of Teachers, Petitioners,**

**v.**

**SCHOOL DISTRICT OF PHILADELPHIA, Pedro Ramos, President, Board of Education of the School District of Philadelphia, Dorothy Sumners Rush, Vice President of the Board of Education of the School District of Philadelphia, Martin G. Bednarek, The Reverend Ralph E. Blanks, Helen Cunningham, Sandra Dunge Glenn, Christina James Brown, Michael Masch, and Emilio Maticoli, Members of the Board of Education of the School District of Philadelphia, Respondents.**

Supreme Court of Pennsylvania.

Oct. 27, 2000.

514

## *ORDER*

PER CURIAM:

AND NOW, this 27th day of October, 2000, the Application for A Temporary Restraining Order and Injunctive Relief is hereby denied.

762 A.2d 1081

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Petitioner,**

v.

**Ursula Lisbeth HOOK, Respondent.**

Supreme Court of Pennsylvania.

Nov. 1, 2000.

## *ORDER*

PER CURIAM:

AND NOW, this 1st day of November, 2000, the Petition for Allowance of Appeal is hereby **GRANTED,** the order of the Commonwealth Court is reversed and the case is remanded for proceedings consistent with *Commonwealth of Pennsylvania, Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000).

